IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN BARRY GIBBONS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil No. 21-1210 |
| | ) |
| **BICKELL, RICH KUSTENBAUDER,** | ) |
| **ERIC TICE, DAN GORO, LT. SWANK,** | ) |
| **ZACHARY, MOSLAK D. PERRY,** | ) |
| **OBERLANDER, ULIMMI CLEIM,** | ) |
| **SABANDA, M. ZAKEN SUTHERLAND,** | ) |
| **W. NICHOLSON, DR. LESLIE and** | ) |
| **JOHN WETZEL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

On August 1, 2022, the Magistrate Judge issued a Memorandum Order denying Plaintiff's Motion to Amend/Supplement his Civil Complaint. ECF No. 25. Before the Court is Stephen Barry Gibbons' "Objections to the Court's August 1, 2022 Filed Memorandum Order."[1] ECF No. 31. Although Plaintiff styled his pleading as "Objections" to the Magistrate Judge's Order, the ruling by the Magistrate Judge is a non-dispositive, procedural ruling . A Court's determination as to whether a Magistrate Judge's Order is dispositive or non-dispositive concern matters directly related to the merits of the claims or defenses or rulings that directly dispose of claims or defenses. Here, the Magistrate Judge's ruling denies Plaintiff's request to add new claims and new defendants unrelated to the existing claims and defendants. Nothing in the Magistrate Judge's order speaks to the merits of his claims. The Magistrate Judge also explained

---

[1] At the close of the Magistrate Judge's Memorandum Order she stated that any appeal to the District Court must be filed within 14 days from the date of the Order. ECF No. 25, at 5. The deadline for non-ECF electronic filers, such as Plaintiff, is extended to account for pleadings being mailed to and from the facility where Plaintiff is housed. Plaintiff explains, with documentation, that he was transferred to a different prison around the time the Order would have been mailed, resulting in the original mailing to his former prison being returned to the Clerk of Court. The pleading was remailed on September 8, 2022, and received by Plaintiff, September 11, 2022. Considering the mailbox rule the Court deems Plaintiff's Appeal as timely filed.

that Plaintiff's claims may be brought in a separate lawsuit.  As such, the Court deems the Magistrate Judge's denial of Plaintiff's request to amend or supplement his claim as non-dispositive.  Therefore, the Court will treat Plaintiff's Objections as an Appeal of the Magistrate Judge's Memorandum Order.

The standard of review of a non-dispositive matter is whether the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense").  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."  Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

Plaintiff's original Complaint asserts claims against fifteen defendants for actions occurring at SCI-Greene, SCI-Somerset, and SCI-Forest as a result of his right to practice his religion being limited, his right to receive proper medical care compromised, and his allegedly wrongful placement in the Security Threat Group Management Unit (STGMU) program.  The proposed new claims concern conduct undertaken by thirteen new defendants who allegedly improperly withheld Plaintiff's legal materials and lost his personal property, with all such conduct occurring at SCI-Fayette.  The Magistrate Judge determined that "Plaintiff improperly sought to join claims against defendants that are not related to his existing claims."  ECF No. 25, at 4.  Plaintiff disagrees with this characterization.  In his Appeal, he argues that the claims and defendants he seeks to add to his Complaint are related because the claims are a continuation of the State prison system's practice of transferring Plaintiff from facility to facility based on his allegedly erroneous placement in the STGUM program.  ECF No. 31, at 3.

The Court agrees with the Magistrate Judge that the proposed new claims concern conduct occurring only at SCI-Fayette and only relating to his legal materials and personal property. As such, the Magistrate Judge correctly considered Plaintiff's proposed new claims and new defendants as unrelated, and not arising out of the same transactions or occurrences set forth in the original Complaint. The Court finds that the Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Plaintiff's Appeal is denied.

IT IS SO ORDERED this 3rd day of October 2022.

                                                                            s/*Marilyn J. Horan*
                                                                            Marilyn J. Horan
                                                                            United States District Court Judge

cc:    Stephen Barry Gibbons, pro se
        JS-2304
        SCI Camp Hill
        PO BOX 8837
        2500 Lisburn Road
        Camp Hill, PA 17001