IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN BARRY GIBBONS,** | ) |
| *Plaintiff,* | ) |
| v. | ) Civil No. 21-1210 |
| **SABANDA,** *Imam SCI-Greene* | ) |
| *Defendant.* | ) |

## ORDER

On December 3, 2025, this Court granted Plaintiff Stephen Barry Gibbons' Motion in Request of Extension of Time to File Written Objections to the Magistrate Judge's Report and Recommendation. Mr. Gibbons was permitted until Friday, <u>January 9, 2026,</u> to file his Objections. On December 3, 2025, this Court mailed the Order to Stephen Barry Gibbons, at JS-2304 169 Progress Drive Waynesburg PA 15370.

By letter dated December 28, 2025, (and filed on January 6, 2026), Plaintiff informed the Court that he no longer had access to the Report and Recommendation and that his legal mail, from three different cases, was not being delivered to him since November 17, 2025. For each piece of legal mail that was not delivered to Plaintiff, he has attached the Prison's "Unacceptable Correspondence Form." Relevant to the present case is Exhibit Document 126-1, at page 4, which indicated that on December 8, 2025, legal mail sent from this Chambers was rejected because there was no court control number on the envelope. The form further states that the letter was returned to sender on December 8, 2025. As of the date of this Order, this Court has not received any such returned mail from Plaintiff's institution. Plaintiff further indicates in his letter that due to the lack of legal materials, specifically, the lack of the pending Report and Recommendation, that "I have no choice but to let the case be dismissed."

In light of *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), and similar cases, this court is to review pro se pleadings liberally and the "court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Here, Plaintiff timely sought an extension of time to file Objections to the Report and Recommendation The extension was granted, but Plaintiff never received the Court Order (nor did this Court ever receive a returned mail envelope). Moreover, Plaintiff does not have access to the Report and Recommendation. In the interests of justice, and because Plaintiff had no control over the delivery or non-delivery of his legal mail, the Report and Recommendation will be sent to Plaintiff for review. To track delivery of the Court's mailing, the mailing will be sent with a court control number and a separate copy will be sent by certified mail (with a court control number). Each envelope, and its contents, will be photocopied as evidence that the court did place a court control number on the envelope. Plaintiff will be given additional time from when this Order and Report and Recommendation are mailed, within which to file Objections to the Report and Recommendation.

And NOW, this 12th day of January 2026, it is ORDERED that the Clerk of Court shall mail to Plaintiff a copy of this Order and a copy of the Report and Recommendation, dated November 17, 2025, and filed at Document No 123.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation is due by <u>February 13, 2026</u>.

                                                 s/*Marilyn J. Horan*
                                                 Marilyn J. Horan
                                                 United States District Court Judge

Stephen Barry Gibbons, pro se
JS-2304
SCI GREENE
169 Progress Drive
Waynesburg, PA 15370

3