IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN BARRY GIBBONS,        )
                              )
    Plaintiff,                )
                              )
        v.                    )    Civil No. 21-1210
                              )
SABANDA,                      )
                              )
    Defendant.                )

### MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On November 17, 2025, the Magistrate Judge issued a Report and Recommendation, ECF No. 123, addressing the cross Motions for Summary Judgment filed by Plaintiff Stephen Barry Gibbons and Defendant Sabanda. The Magistrate Judge recommended that Sabanda's Motion be granted, and Plaintiff's Motion be denied. Objections to the Report and Recommendation were due by December 4, 2025. Plaintiff sought, and was granted, an extension to January 9, 2026. However, due to non-delivery of the Court's Order to Plaintiff, and the non-delivery of a subsequent Order, the Court extended the time for filing Objections to February 13, 2026, and subsequently to March 4, 2026. *See* ECF Nos. 126, 127 & 129. Thereafter, the Court granted Mr. Gibbons' final request for an additional extension, resulting in a deadline of April 20, 2026. *See* ECF Nos. 130 & 131. Mr. Gibbons timely filed Objections on April 20, 2026. ECF No. 134.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

Mr. Gibbons' Objections consist primarily of presenting his general arguments and evidence he already presented to, and which was considered by, the Magistrate Judge. In response to said arguments, the Court does not find any error in the Magistrate Judge's reasoning or her application of the law to the facts.

Next, Mr. Gibbons objects to the Magistrate Judge's determination that he is unable to state a claim pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.*, because the statute does not apply to state and local governments. ECF No. 123, at 12 n. 4. Mr. Gibbons argues that when the RFRA was first enacted, the term "government" included state and local officials. ECF No. 134 at 8. Mr. Gibbons' argument is unavailing, as it does not refute the Magistrate Judge's accurate conclusion that the RFRA does not apply to state and local governments.

Mr. Gibbons also objects to the Magistrate Judge's conclusion regarding his religious preference being changed from Muslim to none, in October 2019. The Magistrate Judge correctly stated that Mr. Gibbons' change in religious preference was not, and could not have been, performed by Sabanda, because the change occurred when Mr. Gibbons was housed at SCI-Forest. Sabanda, however, was employed at SCI-Greene during the relevant time. Mr. Gibbons, however, focuses on his assertion that he, Mr. Gibbons, did not  request that his religious preference change. Nevertheless, Sabanda cannot be held legally responsible for Mr. Gibbons' change in religious preference because Sabanda had no personal involvement in the conduct.

Finally, Mr. Gibbons appears to object to the Magistrate Judge's analysis, arguing that she failed to properly consider Defendant Sabanda's conduct in intentionally disregarding his Chaplain duties and in intentionally denying Mr. Gibbons his right to participate in Ramadan. He alleges that Sabanda, "intentionally waited until 4-27-2020 to process [Mr. Gibbons'] change of religious form, so that I wouldn't be able to participate in Ramadan because he personally believed I was a gang member." ECF No. 134 at 3. Additionally, he alleges that Sabanda could have taken steps earlier in the process to ensure that Mr. Gibbons would be able to participate in Ramadan, but he did not. Mr. Gibbons argues that if the Magistrate Judge had properly considered such allegations, it would demonstrate that his right to free exercise of religion was violated.

The Magistrate Judge found that there was no genuine dispute of material fact that Sabanda did not unduly burden Mr. Gibbons' practice of his religion. On April 7, 2020, Sabanda received Mr. Gibbons' Inmate Request for a Religious Preference Form. Sabanda provided Mr. Gibbons with the Religious Preference Form on April 10, 2020. On April 14, 2020, Mr. Gibbons provided the completed form. The change of religion was recorded in the Department of Corrections' system on April 27, 2020, which was four days after Ramadan began. The amount of time, from April 7, 2020 to April 27, 2020, was less than the thirty days within which the DOC is required to process the change of religious preference form, pursuant to the DOC's "Religious Activities" Policy Statement, DC-ADM 819. Therefore, the Magistrate Judge concluded that because there was no conduct by Sabanda violating Mr. Gibbons' rights, summary judgment in favor of Sabanda was appropriate.

The Court agrees with the Magistrate Judge. Mr. Gibbons points to alleged intentional discrimination on the part of Sabanda, primarily through "slow-walking" and delaying Mr.

Gibbons efforts to change his religious preference. Such allegations, however, cannot overcome the undisputed facts demonstrating that once Sabanda received Mr. Gibbons' request for a religious preference form, he processed it and recorded the change within the thirty-day time period established by DOC Policy.

For the reasons stated above, Mr. Gibbons' Objections are overruled. For the reasons stated in the Report and Recommendation, the Court will adopt the Magistrate Judge's recommendation. After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 27th day of April 2026, it is ORDERED that the Report and Recommendation, ECF No. 123, filed on November 17, 2025, is adopted as the Opinion of the Court.

Plaintiff's Motion for Summary Judgment , ECF No, 107, is DENIED, and Defendant Sabanda's Motion for Summary Judgment, ECF No. 109, is GRANTED. Judgment in favor of Sabanda and against Mr. Gibbons will entered by separate Judgment Order.

_s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Stephen Barry Gibbons
JS-2304
SCI Greene
169 Progress Drive
Waynesburg, PA 15370